```
                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
DONALD TUECKE,                  )
PAMELA TUECKE,                  )    Bankruptcy No. 06-00399
                                )
     Debtors.                   )
```

### ORDER RE MOTION FOR SANCTIONS

On September 21, 2006, the above-captioned matter came on for hearing pursuant to assignment. Debtor Donald Tuecke, Jr. appeared in person with Attorney Stuart Hoover. The matter before the Court is Debtor's Motion for Sanctions against Discover Card for alleged violations of the automatic stay pursuant to 11 U.S.C. §§ 362(a)(6) and 362(h). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

### FINDINGS OF FACT

Debtors Donald and Pamela Tuecke filed their Chapter 7 petition on May 2, 2006. Discover Card was listed as a creditor on Debtors' Schedule F and the matrix of creditors. Notice of the filing was mailed to all creditors on or about May 3, 2006. As of the time of filing this Motion for Sanctions, Debtors had not yet received a discharge.

The record reflects that Debtors listed Discover Card as a creditor in its filings. At the time of filing, Discover Card held a judgment against Debtors in Dubuque County, Case No. 01311 LACV054284. After the entry of judgment, Discover Card garnished Mrs. Tuecke's paycheck at Target Stores in the amount of $1,500 in 2005. These funds have been condemned and turned over to Discover Card prior to the filing of Debtors' Chapter 7 petition. However, Discover Card resumed garnishment of Debtors' funds in 2006. Discover Card has garnished $750 post-petition. The files reflect that a general execution was issued and an application to condemn garnished funds was made on May 30, 2006. The funds were condemned on the same date.

The evidence presented to the Court establish that Discover Card was provided notice of the filing of the bankruptcy petition after the petition was filed on May 2, 2006. The evidence reflects that Debtors' counsel notified counsel for Discover Card of this issue in a letter dated July 17, 2006. Debtors notified Discover Card of the Motion for Sanctions as well as the Notice

Setting Hearing. Discover Card has not appeared at any of these proceedings nor has it filed any responsive pleading.

Discover Card garnished $750 after the filing of the petition. These funds were subsequently condemned and the proceeds turned over to Discover Card. Debtors state that, as a result of the conduct of Discover Card, they have suffered damages because of these lost funds as well as time off work, emotional distress, and attorney's fees.

Debtors seek actual damages arising out of the conduct of Discover Card. Debtors also seek punitive damages and an award of attorney's fees.

## CONCLUSIONS OF LAW

A bankruptcy petition filed under § 301 of the Code imposes the automatic stay pursuant to § 362. All voluntary cases are included in § 301. The § 362 automatic stay "is among the most basic of debtor protections under bankruptcy law." In re Vierkant, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999). It prohibits any entity from taking action "to collect, assess, or recover a claim against the debtor that arose before the commencement of a case." 11 U.S.C. § 362(a)(6). The scope of the automatic stay is extremely broad. Vierkant, 240 B.R. at 321. It stops "all collection efforts, all harassment, and all foreclosure actions . . . and permits the debtor to be relieved of the financial pressures that drove him into bankruptcy." Id.; see also In re Lankford, 305 B.R. 297, 301 (Bankr. N.D. Iowa 2004) (citing H.R. 595, 95th Cong., 1st Sess. § 340-42 (1977)). The automatic stay "operates without the necessity for judicial intervention" and springs into effect immediately upon the filing of a bankruptcy petition, regardless of whether parties to the proceeding "are aware that a petition has been filed." Vierkant, 240 B.R. at 321. It is designed to protect debtors "while they attempt to regain their financial footing" by "prevent[ing] creditors from attempting in any way to collect a prepetition debt." Id.; In re Goodfellow, 298 B.R. 358, 360 (Bankr. N.D. Iowa 2003) (citing In re Grau, 172 B.R. 686, 690 (Bankr. S.D. Fla. 1994))(emphasis added). Because of its fundamental importance, "courts must display a certain rigor in reacting to violations of the automatic stay." Vierkant, 240 B.R. at 321.

Section 362(h) addresses sanctions for the violation of the automatic stay. It provides that:

> An individual injured by any willful violation of a
> stay provided by this section shall recover actual

>    damages, including costs and attorneys' fees, and, in
>    appropriate circumstances, may recover punitive
>    damages.

In order to recover damages under § 362(h), a debtor must show (1) that it was injured by the violation of the stay and (2) that the violation was willful. Lankford, 305 B.R. at 302. A violation of the stay is "willful" where the violator's conduct is deliberate and with knowledge of the bankruptcy filing. Id. In imposing actual damages, the trial court has discretion to fashion the punishment to fit the circumstances. Hubbard v. Fleet Mortg. Co., 810 F.2d 778, 782 (8th Cir. 1987) (citing United States v. United Mine Workers, 330 U.S. 258, 303 (1947)).

The court may award punitive damages under § 362(h) only where the action taken is "egregious, intentional misconduct on the violator's part." In re Ketelson, 880 F.2d 990, 993 (8th Cir. 1989). The creditor's status as a sophisticated player in the credit industry can be relevant when considering whether to award punitive damages. Lankford, 305 B.R. at 302. In an action for violation of the automatic stay, the moving party bears the burden of proof and must prove its case by a preponderance of the evidence. In re Westman, 300 B.R. 338 (Bankr. D. Minn. 2003) (citing Grogan v. Garner, 498 U.S. 279, 286 (1991)).

## ANALYSIS

Discover Card has been properly served with the notice of the pendency of this Chapter 7 Bankruptcy case. It has also been properly served with both the Motion for Sanctions under §§ 362(a)(6) and 362(h) as well as the Notice Setting Hearing. None of the notices sent to Discover Card have been returned undeliverable. The Court concludes that Discover Card has received the various mailings and had notice of Debtors' bankruptcy case. However, Discover Card has not responded in any manner to these various matters.

Discover Card's garnishment of Debtor's wages at Target constitutes a deliberate post-petition collection of a debt in violation of the automatic stay under § 362(a). The Court concludes that Debtors have been damaged by the actions and conduct of Discover Card. Debtors are entitled to actual damages incurred as well as attorney's fees and costs. The Court also finds that such a blatant disregard of the rights of Debtors justifies an award of punitive damages.

**WHEREFORE**, Debtors' Motion for Sanctions against Discover Card is GRANTED.

3

**FURTHER**, the Court finds that Debtors Donald E. And Pamela J. Tuecke have established, by a preponderance of evidence, that Discover Card violated the § 362(a) automatic stay and is therefore entitled to damages pursuant to § 362(h).

**FURTHER**, the Court awards damages in favor of Donald E. And Pamela J. Tuecke and against Discover Card in the amount of $1,500.

**FURTHER,** the Court awards Debtors' attorney's fees in the amount of $400.

**FURTHER**, Debtors are awarded punitive damages in the amount of $1,500.

**FURTHER**, judgment of the foregoing shall enter accordingly.

Dated and Entered: __October 10, 2006__

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
BANKRUPTCY JUDGE